# SUPREME COURT.

## EDWARD DENT agt. THE PEOPLE.

Where on a *writ of error* the prisoner claims that his trial, conviction and sentence for a felony should be reversed on the ground that it does not appear that the prisoner was present on the trial, and because it does not appear that the prisoner before sentence was asked what he had to say why judgment should not be pronounced against him, must cause to be made up and returned to this court a *judgment record*.

The return to the writ of error, which contains merely the indictment, the testimony, the charge of the court, the verdict and sentence, which is the ordinary return on a bill of exceptions, is insufficient to present the grounds urged for a reversal by the prisoner.

*First Department, New York General Term, June,* 1873.
*Before* INGRAHAM, *P. J.,* BRADY *and* FANCHER, *JJ.*

THE prisoner was tried in the oyer and terminer and convicted of a felony. A writ of error was brought to this court. The return to the writ of error contains the indictment, the testimony, the charge of the court, the verdict, and the sentence. No record appears to have been made up, and none is returned to this court.

INGRAHAM, *P. J.*—To sustain this writ of error it is claimed that the judgment should be reversed, because it does not appear that the prisoner was present on the trial, and because it does not appear that the prisoner before sentence was asked what he had to say why judgment should not be pronounced against him.

There can be no doubt but that both of the matters referred to were necessary to give validity to the proceedings on the trial. The presence of the prisoner is required by statute (3 *Revised Statutes,* 1027). The inquiry as to reasons against the

Dent agt. People.

sentence has been always deemed necessary in England and this country in capital cases, and generally also in cases of felonies. The only question, therefore, is whether, as this case is presented to us, we have any return that will authorize us to pass upon this question. There is no record of judgment returned to us. The prisoner might, if he had seen fit, required the record to be made up by the district attorney, and, if not done by him, the prisoner was allowed to make it up under the direction of the court (3 *R. S.*, 1031). He has not done so, but contented himself with the evidence and the verdict and sentence.

The law allows the clerk, on the filing of a writ of error, to return a transcript of the indictment, bill of exceptions and judgment of the court, certified by the clerk (3 *R. S.*, 1034). Neither of the matters required to be returned would furnish any evidence as to the ground relied on in this case. It is not necessary, in a bill of exceptions, to state the presence of the prisoner on the trial, nor, in entering the judgment of the court on the minutes, is it necessary to state what preceded the judgment. If the prisoner wishes to avail himself of such objections, he should apply to have the judgment record made up, which, when settled by the court, would show the proceedings on the trial. The decision of the court of appeals in *Messner* agt. *The People* (45 *N. Y.*, 1), settles the question raised here, if there had been a judgment record returned.

In the present state of the criminal law, the necessity for such strictness could be relaxed without injury to the prisoner. No cases are now tried where prisoners are not defended by counsel, and when the prisoner is present, as he must be to be sentenced, there would seem to be no hardship in requiring him to claim the privilege, if he insists upon it, before judgment is pronounced.

I am of the opinion that this case does not present the necessary facts on which the prisoner's objections are based, and that, if he intended to urge them, he should have applied for the making up of the judgment.

Dent agt. People.

The bill of exceptions is made by the prisoner, and to permit him to take advantage of omissions made by him therein, would be opening a door for the introduction of a course of proceeding not calculated to entitle the administration of justice to respect.

The judgment should be affirmed.

FANCHER and BRADY, JJ., concurred.